THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 

v.

 
 
 
 
 Antoine Miller, Appellant.
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2011-UP-194
 Submitted April 1, 2011  Filed April 28,
2011    

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General William M. Blitch, Jr., and Solicitor Dan
 Johnson, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Antoine
 Miller appeals his conviction for first-degree criminal sexual conduct with a
 minor.   Miller contends the trial court erred in admitting into evidence a
 videotaped interview of the minor victim pursuant to section 17-23-175 of the
 South Carolina Code (Supp. 2010).  Miller argues the videotape constituted
 hearsay, bolstering, and a denial of his rights to both confrontation and a
 fair trial.  Miller also argues the trial court erred in failing to make a specific
 finding of the need for the videotape.  We affirm[1] pursuant to
 Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 17-23-175(A) ("In a general sessions court proceeding . . .
 an out-of-court statement of a child is admissible if: (1) the statement was
 given in response to questioning conducted during an investigative interview of
 the child; (2) an audio and visual recording of the statement is preserved on
 film, videotape, or other electronic means . . . ; (3) the child testifies at
 the proceeding and is subject to cross-examination on the elements of the
 offense and the making of the out-of-court statement; and (4) the court finds,
 in a hearing conducted outside the presence of the jury, that the totality of
 the circumstances surrounding the making of the statement provides
 particularized guarantees of trustworthiness."); State v. Saltz,
 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion
 of evidence is left to the sound discretion of the trial [court], whose
 decision will not be reversed on appeal absent an abuse of discretion."); Clark
 v. Cantrell, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse
 of discretion occurs when the trial court's ruling is based on an error of law
 or, when grounded in factual conclusions, is without evidentiary support.").  
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.